UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JUAN COTTO,<br><br>    v.<br><br>R.J. REYNOLDS TOBACCO COMPANY,<br>PHILIP MORRIS USA, INC., LIGGETT GROUP LLC,<br>CUMBERLAND FARMS OF MASSACHUSETTS, INC.,<br>and WALGREENS OF MASSACHUSETTS, LLC,<br><br>    Defendants. | Civil No. 25-13333-MGM |

MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND

(Dkt. No. 28)

April 28, 2026

MASTROIANNI, U.S.D.J.

## I. INTRODUCTION

Plaintiff, Juan Cotto, was diagnosed with stage 4 non-small cell lung cancer in September 2022. At the time, he had been a smoker for more than forty years, beginning when he was just fifteen years old. In August 2025, Plaintiff filed a complaint in Massachusetts state court against five defendants: R.J. Reynolds Tobacco Company ("R.J. Reynolds"); Philip Morris USA, Inc. ("Philip Morris"); Liggett Group LLC ("Liggett Group"); Cumberland Farms of Massachusetts, Inc.; and Walgreens of Massachusetts, LLC. ("Walgreens"). In the complaint, he alleges that, both before and after he began smoking, the three tobacco company defendants—R.J. Reynolds, Philip Morris, and Liggett Group— knew that the cigarettes they manufactured were unreasonably dangerous because they caused a variety of fatal diseases, including cancer, and also contained a highly addictive drug, nicotine. Plaintiff further alleges R.J. Reynolds, Philip Morris, and Liggett Group conspired with other tobacco companies to

conceal information about the health and addiction risks posed by cigarettes. Finally, Plaintiff alleges that he regularly purchased cigarettes that were defective and unreasonably dangerous at stores in Massachusetts operated by Cumberland Farms of Massachusetts, Inc. and Walgreens.

In November 2025, Phillip Morris removed the case to this court. The Notice of Removal asserted this court has subject matter jurisdiction because there is complete diversity and the amount in controversy exceeds $75,000. (Dkt. No. 1.) It is undisputed that both Plaintiff and Cumberland Farms of Massachusetts, Inc., are citizens of Massachusetts, and the other defendants are citizens of other states.[1] Nonetheless, in its Notice of Removal, Philip Morris argued Cumberland Farms of Massachusetts was fraudulently joined as a defendant. Specifically, Philip Morris asserted that Plaintiff cannot prevail on any claims against Cumberland Farms of Massachusetts, Inc. because that entity was founded for the limited purpose of selling alcoholic beverages, does not operate any stores, and has never sold cigarettes to anyone. On December 5, 2025, Plaintiff moved to remand the case to state court. (Dkt. No. 28.) He concedes that Cumberland Farms of Massachusetts, Inc. does not operate stores or sell cigarettes, but asserts that entity was named, rather than its parent company, Cumberland Farms, Inc., due to curable misnomer, rather than fraudulent joinder. R.J. Reynolds, Philip Morris, Liggett Group, and Walgreens (together "Removal Defendants") filed a joint opposition. (Dkt. No. 31.)

---

[1] Plaintiff's Complaint did not provide sufficient factual allegations to permit the court to determine the citizenship of the unincorporated defendants, but Philip Morris supplied the necessary facts in its Notice of Removal. (Dkt. No. 1.) Philip Morris is a Virginia corporation with a principal place of business in Virginia. (*Id.* at ¶ 9.) R.J. Reynolds is a North Carolina corporation with a principal place of business in North Carolina. (*Id.* at ¶ 8.) Liggett Group is a Delaware limited liability company, whose sole member VGR Holding LLC has one member, Vector Group Ltd., a Delaware corporation with a principal place of business in Florida. (*Id.* at ¶ 10.) Walgreens is a limited liability company whose sole member is Walgreen Eastern Co., a New York corporation with a principal place of business in Illinois. (*Id.* at ¶ 12.) Cumberland Farms of Massachusetts, Inc. is a Massachusetts corporation with its principal place of business in Massachusetts. (*Id.* at ¶ 11.)

## II. APPLICABLE LAW

"'[T]he plaintiff is the master of the complaint, and generally has the right to choose whether to proceed in federal or state court.'" *Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. __, 146 S. Ct. 724, 733 (2026) (quoting *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025)). Plaintiffs exercise this right by using choices about "which substantive claims to bring against which defendants" to "establish—or not—the basis for a federal court's subject-matter-jurisdiction." *Royal Canin*, 604 U.S. at 35. Consistent with the right to choose the most advantageous forum, plaintiffs also enjoy the "ability to amend the complaint to 'bring the suit either newly within or newly outside a federal court's jurisdiction.'" *Hain*, 146 S.Ct. at 733 (quoting *Royal Canin*, 604 U.S. at 35-36); *see also Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 142 (1st Cir. 2004) (ruling that the plaintiff's filing of an amended complaint that replaced a diverse defendant with a non-diverse defendant destroyed diversity jurisdiction).

"Federal courts are courts of limited jurisdiction and generally can resolve only the cases that Congress grants them power to hear." *Hain*, 146 S. Ct. at 728. Federal-question and diversity are the two "basic statutory grants of federal-court subject-matter jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Federal question jurisdiction exists when a plaintiff "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* (citing 28 U.S.C. § 1331). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 and "there is *complete* diversity, that is, when no plaintiff is a citizen of the same state as any defendant." *Gore & Assocs. Mgmt. Co., Inc. v. SLSCO Ltd.*, 157 F.4th 83, 85 (1st Cir. 2025) (internal quotations omitted) (citing 28 U.S.C. § 1332). A separate statute permits a defendant to remove a case filed in state court to federal court, but "only if the plaintiff could have brought the case there originally." *Rhode Island v. Shell Oil Prods. Co.*, 35 F.4th 44, 51 (1st Cir. 2022) (citing 28 U.S.C. § 1441(a)). "[R]emoval jurisdiction raises serious federalism concerns," and this court must "construe removal statutes *strictly* and *against* removal." *Id.* at 52

3

(emphasis in original). "As the parties trying to remove the case from state to federal court, [Removal Defendants] must prove that the federal court has original jurisdiction." *Id.* Remand is appropriate in any case in which federal jurisdiction is doubtful. *Id.*

"Jurisdiction is normally ascertained from the face of the state court complaint that triggered the removal." *Danca v. Priv. Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999). When assessing the existence of subject matter jurisdiction, federal courts base the determination "only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." *Royal Canin*, 604 U.S. at 26. Federal courts typically rely on the factual allegations in the complaint to determine the citizenship of all parties and whether complete diversity exists, though limited discovery may be ordered if the alleged facts are insufficient to establish the citizenship of one or more parties. *Cf. BRT Management LLC v. Malden Storage LLC*, 68 F.4th 691, 693-94 (1st Cir. 2023) (remanding to district court for factual development where complaint failed to allege sufficient facts from which court could determine citizenship of all parties and parties failed to provide necessary information even after limited discovery and issuance of show cause orders). Complete diversity is not established until the citizenship of all parties has been determined and no plaintiff is a citizen of the same state as any defendant. *Id.* The doctrine of fraudulent joinder creates a narrow exception, permitting diversity-based removal in the apparent absence of complete diversity if "there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the [only] non-diverse defendant." *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014). A complaint fails to state a claim if it lacks factual allegations necessary to establish legal liability. *Id.* For example, in *Universal Truck*, the First Circuit concluded a non-diverse defendant was fraudulently joined where state law barred personal liability for agents, subject to certain exceptions, and the complaint, on its face, alleged the defendant acted as an agent, but contained no facts supporting application of an exception or individual liability. *Id.*

4

A separate principle, "excusable misnomer," permits courts to treat an incorrectly named defendant as the party before the court. *Washington Trust Advisors, Inc. v. Arnold*, 669 F. Supp. 3d 35, 39-40 (D. Mas. 2023). Both federal and Massachusetts courts apply "excusable misnomer" when two conditions are met: (1) the identity of the intended defendant is clear from the allegations in the complaint, and (2) the plaintiff has served the intended defendant or its agent. *Id.* at 39-40; *Hennesey v. Stop & Shop Supermarket Co.*, 836 N.E.2d 1135, 1138-39 (Mass. App. Ct. 2005) (observing Massachusetts courts "refuse to allow defendants to escape their obligations based on misnomer"); *see also U.S. v. Davis*, 261 F.3d 1, 33 n.25 (1st Cir. 2001) (rejecting argument that plaintiff failed to name proper party where there was no question that inaccurately named defendant owned the facility described in the pleadings and received adequate notice of suit). Courts consider the intended, but misnamed, defendant to be a party in the case without need of additional service. *See Washington Trust*, 669 F. Supp. 3d at 40. Misnomer is distinct from the type of mistaken identity that occurs when either the misidentification is not obvious from the factual allegations in the complaint, or the error prevented the correct defendant from receiving sufficient notice of the suit. *Id.* at 41.

III.    DISCUSSION

Plaintiff, a citizen of Massachusetts, alleges that he was harmed by cigarettes he purchased at stores in Massachusetts. He elected to file his complaint in state court, and all his claims arise under state law. He named five defendants, including Cumberland Farms of Massachusetts, Inc., which is also a Massachusetts citizen. The other four defendants are all citizens of other states. On its face, Plaintiff's Complaint raises no federal questions and complete diversity is absent. Nonetheless, the Notice of Removal asserts this court has diversity jurisdiction because Plaintiff fraudulently joined Cumberland Farms of Massachusetts, Inc. as a defendant, and there is complete diversity when that defendant is disregarded.

The basis for Removal Defendants' fraudulent joinder contention is factual—Cumberland Farms of Massachusetts, Inc. never operated retail locations that sold cigarettes. Based on those facts, they claim there is "no reasonable possibility" that a court applying Massachusetts law would find Plaintiff's claims against Cumberland Farms of Massachusetts, Inc. state a cause of action upon which relief may be granted. Though well presented, the argument is not persuasive because it requires the court to apply Massachusetts law to facts absent from Plaintiff's Complaint. In contrast, the analytic approach endorsed by the First Circuit in *Universal Truck* requires the court to assess whether the facts actually alleged in the operative complaint are insufficient to establish one or more elements of the legal claim asserted. 765 F.3d at 108; *see also Mills v. Allegiance Healthcare Corp.*, 178 F. Supp. 2d 1, 8 (D. Mass. 2001) (finding fraudulent joinder of defendant after the plaintiff filed an amended complaint that "failed to allege . . . that [the p]laintiff was ever exposed to [a harmful product] distributed by [the defendant]").

In the removed complaint, Plaintiff alleged: "Defendant Cumberland Farms of Massachusetts, Inc., is a Massachusetts corporation with its principal and/or usual place of business in Worcester County, Massachusetts, at the address 165 Flander Road, Westborough, MA 01581. It sold cigarettes to Plaintiff in the Commonwealth of Massachusetts." (Compl., Dkt. 1-3 at ¶ 16.) Plaintiff also alleged that he regularly purchased various brands of cigarettes at Cumberland Farms of Massachusetts, Inc., including Newport, Winston, and Marlboro brand cigarettes, and that the cigarettes sold to him "were defective and unreasonably dangerous." (*Id.* at ¶¶ 10, 21.) Defendants do not contend these allegations are legally insufficient, only that Plaintiff will be unable to prove them.

Plaintiff now agrees that Cumberland Farms of Massachusetts, Inc. has never sold cigarettes, but he has not filed an amended complaint incorporating that information, and has no reason to do so, because Cumberland Farms of Massachusetts, Inc. is not the corporation he intended to sue. According to Plaintiff, the correct corporate defendant is the parent of Cumberland Farms of

Massachusetts, Inc., Cumberland Farms, Inc., and that entity should be treated as the actual party in this case because the requirements of excusable misnomer are met. Indeed, just as Plaintiff has not disputed that Cumberland Farms of Massachusetts, Inc. never sold cigarettes, Removal Defendants do not dispute that the complaint alleged Plaintiff purchased cigarettes from Cumberland Farms stores in Massachusetts; Cumberland Farms, Inc. operates stores in Massachusetts that sell cigarettes; and both Cumberland Farms of Massachusetts, Inc. and Cumberland Farms, Inc. share the same principal headquarters, corporate officers, and registered agent.

Based on these facts, the court is persuaded that the naming of Cumberland Farms of Massachusetts, Inc. as a defendant is properly regarded as misnomer, rather than fraudulent joinder. The court's conclusion is also informed by the intersection of two other considerations. First, recent Supreme Court cases reinforce the right of plaintiffs to control whether a case is litigated in federal or state court by making choices about which claims to pursue against which defendants, both at the time of filing and through later amendment. *See Hain*, 146 S. Ct. at 733; *Royal Canin*, 604 U.S. at 35. Second, it is clear from the record before this court that Plaintiff does not need to rely on a claim specifically against Cumberland Farms of Massachusetts, Inc. to destroy diversity. Were the court to treat that entity as fraudulently joined and deny the pending motion to remand, Plaintiff could seek to proceed against Cumberland Farms, Inc., the corporate entity he intended to sue and described in his complaint. Any motion to amend the complaint to join Cumberland Farms, Inc. as a defendant would be decided under the deferential standard of Fed. R. Civ. P. 15, and joinder could set the stage for a successful, renewed motion to remand.

IV. CONCLUSION

For the foregoing reasons, the court concludes it lacked subject matter jurisdiction over this case at the time of removal, and the motion for remand (Dkt. No. 28) is hereby ALLOWED.

It is So Ordered.

_/s/ Mark G. Mastroianni_

MARK G. MASTROIANNI
United States District Judge